# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 08-166 |
| ANTHONY BROOKINS, | ) | |
| Defendant. | ) | |

## OPINION

CONTI, Senior District Judge.

### I. Introduction

Pending before the court is a motion for reduction of sentence pursuant to the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (ECF No. 145) filed by defendant Anthony Brookins ("Brookins" or "defendant"). For the reasons set forth in this opinion, the motion for reduction will be granted. The court will exercise its discretion and sentence Brookins under the First Step Act to a term of imprisonment of 180 months and a term of supervised release of eight years.

### II. Background

On April 15, 2008, a federal grand jury returned a two-count indictment charging Brookins with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute 50 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). (ECF No. 1.) On October 22, 2008, a federal grand jury returned a superseding indictment charging Brookins with possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("count one") and possession with intent to distribute 50 grams

or more of a cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) ("count two"). (ECF No. 38.) Brookins entered a plea of not guilty to both counts. (ECF No. 43.)

On March 27, 2009, the government filed an information, pursuant to 21 U.S.C. § 851. (ECF No. 55.) The information provided that Brookins had four prior felony convictions for possession with intent to deliver a controlled substance in the Allegheny County Court of Common Pleas. (Id. at 1-2.)

On May 11, 2009, a jury trial commenced on the charges in the superseding indictment pending against Brookins. On May 14, 2009, a jury convicted petitioner on both counts. (ECF No. 78.) On May 20, 2009, the court entered a presentence order scheduling, among other things, the filing of the presentence investigation report and the sentencing hearing. (ECF No. 80.)

On April 1, 2010, the court held a sentencing hearing. The court made the following findings, among others, with respect to Brookins' advisory guideline range:

- counts one and two would be grouped and the guidelines applicable to the count two, U.S.S.G. § 2D1.1, would be applied to the group, pursuant to U.S.S.G. § 3D1.3(a);

- Brookins was responsible for 62.47 grams of cocaine base, and, therefore, a base offense of 30 was applicable, pursuant to U.S.S.G. § 2D1.1(c)(5);

- the base offense level was increased by two levels pursuant to U.S.S.G. § 2D1.1(b)(1), for an adjusted offense level of 32, because Brookins possessed a dangerous weapon (a .38-caliber Smith and Wesson Iver Johnson Arms revolved loaded with four rounds) in connection with count two;

- Brookins was a career offender, pursuant to U.S.S.G. § 4B1.1, and, therefore, his adjusted offense level was 37;

- Brookins' criminal history score was nine, which was comprised of six criminal history points, two points for committing counts one and two while on probation, and one point for committing counts one and two less than two years after being released from imprisonment;

- nine criminal history points resulted in a criminal history category of IV; Brookins' status as a career offender, however, mandated a criminal history category of VI, pursuant to U.S.S.G. § 4B1.1;

- the statutory maximum penalty at count one was ten years, i.e., 120 months, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

- the statutory minimum penalty at count two was twenty years and the maximum term of imprisonment at count two was life, pursuant to 21 U.S.C. §§ 841(b)(1)(a)(iii), 846, and 851;
- Chapter 5, Part A of the guidelines provides that a total offense level of 37 and a criminal history category of VI results in a guideline range for imprisonment of 360 months to life imprisonment;

- the statutory maximum term of supervised release at count one was three years, pursuant to 18 U.S.C. § 3583(b)(2) and the mandated statutory term of supervised release at count two was ten years, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii);

- the guideline range for supervised release at count one was three to five years, pursuant to U.S.S.G. § 5D1.2(a)(2) and the guideline term for supervised release was ten years, pursuant to U.S.S.G. § 5D1.2(a)(2) and (b);

- Brookins was not statutorily or under the guidelines eligible for probation at either count, 18 U.S.C. § 3561(a)(2) and (3), 21 U.S.C. § 841(b)(1)(B)(ii), U.S.S.G. 5B1.1(b)(2), and U.S.S.G. § 5C1.1(f);

- the maximum statutory fine to be imposed at count one was $250,000.00, pursuant to 18 U.S.C. § 3571(b)(3);

- the maximum statutory fine to be imposed at count two was $8 million, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii);

- the guideline fine range applicable to Brookins was $20,000.00 to $8 million; and

- Brookins was required to pay a special assessment of $100.00 at each count, for a total special assessment of $200.00, pursuant to 18 U.S.C. § 3013.

Counsel for Brookins argued to the court for a term of imprisonment of twenty years. (H.T. 4/1/2010 (ECF No. 107) at 16.) The government did not request a guideline sentence, i.e., a term of imprisonment in the guideline range of 360 months to life; rather, the government requested a sentence "anywhere between 200 and 360 months." (Id. at 19.) The court granted Brookins'

request for a variance and sentenced him to a term of imprisonment of 120 months (ten years) at count one and a term of imprisonment of 240 months (twenty years) at count two, with the terms of imprisonment to concurrently run. (Id. at 36.) The court imposed upon Brookins at count one a term of supervised release of three years and at count two a term of supervised release of ten years, to concurrently run, with the conditions of supervised release set forth on the record. (Id.)

The court explained the reasons for its sentence under 18 U.S.C. § 3553(a). With respect to the nature and circumstance of the offense, the court explained:

> It's a very serious drug offense. It was a crack cocaine offense and if the guidelines had been followed strictly by this Court, there would have been an additional ten years of the sentence and that would have taken you to the 360 months; but the Court was mindful of the crack-powder disparity and the courts here in looking at the disparity have gone towards a one-to-one ratio.
>
> So, if this had been a powder cocaine [offense], the offense level at the end when everything was added for a career offender, you would have been at an offense level of 32 and with a criminal history category of Roman Numeral VI, the guideline range would have been 210 months to 262 months.
>
> So, with the statutory mandatory minimum of 240 months for Count 2, that's right in the mid range of that guideline range.
>
> So, if it had been a powder cocaine offense, even if there wasn't a mandatory minimum of 240 months, you would have still been looking at a very serious guideline range of 210 to 262.
>
> I'm taking that into account in going down in the guideline range and varying from the guidelines to the 240 months, which is the mandatory minimum for Count 2.
>
> So, it is serious. I think 20 years, 240 months, is a very significant sentence. So, I think that does respect the nature and circumstances of the offense.

(H.T. 4/1/2010 (ECF No. 107) at 29-30.) With respect to Brookins' history and characteristics, the court explained:

> It's really a tragedy when the Court sees someone like you, Mr. Brookins, a very sad life. You wound up on the streets in the drug culture. You couldn't pull yourself away from that.

4

> You had other interactions throughout your childhood and in your adult years with the criminal system and you didn't get turned around and that's unfortunate because you stand here as a career offender.
>
> So I have also taken into account that background in saying the 240 months is a significant sentence and with everything, anything greater than that is something that is not really warranted in this case.

(Id. at 30-31.) The court explained that the lengthy terms of imprisonment and supervised release promoted respect for the law, provided just punishment for the offense, afforded adequate deterrence to criminal conduct, and protected the public from further crimes by Brookins. (Id. at 31-32.) The court made recommendations on behalf of Brookins to the Bureau of Prisons to provide him educational and vocational opportunities. (Id. at 32.) The court recognized the kinds of sentences available by statute and under the guidelines. (Id. at 33.)

The court emphasized that it granted Brookins a variance to avoid unwarranted sentencing disparities in light of the disparity in the guidelines between crimes involving powder cocaine and crimes involving crack cocaine. (Id.) The court explained:

> As to the powder-crack cocaine disparity handled by the Courts today and taking into account the Department of Justice's position on this, it would have created a sentence disparity if I had not recognized that and varied from the guidelines to bring you within the guideline range for powder cocaine type of offense. So, this will avoid -- the sentence will av[oid ]…an unwarranted sentence disparity.

(H.T. 4/1/2010 (ECF No. 107) at 33.)

On April 7, 2010, petitioner filed a timely notice of appeal of his sentence to the United States Court of Appeals for the Third Circuit. (ECF No. 103.) On January 24, 2011, the Court of Appeals for the Third Circuit affirmed the sentence imposed by this court, finding that "the jury's verdict convicting Brookins on both counts was supported by substantial evidence." United States v. Brookins, 413 F. App'x 509, 514 (3d Cir. 2011) (ECF No. 119.)

In 2012, Brookins filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 and a motion for new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1). (ECF Nos. 122, 128.) The court denied those motions and Brookins' request for a certificate of appealability to the Third Circuit Court of Appeals. (ECF No. 136.) On June 6, 2013, the Third Circuit Court of Appeals denied Brookins' request for a certificate of appealability. (ECF No. 142.)

On April 15, 2019, Brookins filed a motion for reduction of sentence under the First Step Act. (ECF No. 145.) On May 6, 2019, the government filed a response in opposition. (ECF No. 149.) On May 13, 2019, Brookins filed a reply. (ECF No. 150.)

The motion for reduction of sentence is now ripe to be decided by the court.

### III. Discussion

#### A. The First Step Act Generally

A district court has limited authority to modify a sentence. The court's limited authority to reduce defendant's sentence under the First Step Act is provided by 18 U.S.C. § 3582(c)(1)(B). Section 3582(c)(1)(B), in pertinent part, provides: "the court may modify an imposed term of imprisonment ***to the extent otherwise expressly permitted by statute***…." 18 U.S.C. § 3582(c)(1)(B) (emphasis added). The express provisions of the First Step Act provide this court with the authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act…were in effect at the time the covered offense was committed." First Step Act § 404(b). "Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine that triggered mandatory minimum penalties." United States Sentencing Commission, Office of Education & Sentencing Practice, *FIRST STEP Act*, INSIDER EXPRESS SPECIAL EDITION, January 2019, at 1.

"Section 3 of the Fair Sentencing Act eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine." Id.

If a district court determines that a defendant is eligible for relief under the First Step Act, the district court may exercise its discretion to reduce the defendant's sentence. The First Step Act provides: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c). Courts construe this provision to mean that a district court has discretion whether to reduce a sentence imposed upon a defendant who was sentenced prior to the enactment of the Fair Sentencing Act. Ladd v. Kallis, No. 18-CV-1063, 2019 WL 1585110, at *2 (C.D. Ill. Apr. 12, 2019) ('The First Step Act gave sentencing courts discretion to resentence individuals such as Ladd, who had been sentenced prior to the Fair Sentencing Act."); United States v. Bishop, No. 10-CR-30166-JPG, 2019 WL 1377020, at *1 (S.D. Ill. Mar. 27, 2019) ("Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence."); United States v. Glore, No. 99-CR-82-PP, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019) ("The First Step Act does not mandate sentence reductions for defendants who meet these qualifications; it leaves to the court's discretion whether to reduce their sentences."); United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("Relief under the First Step Act is discretionary.").

The parties in this case dispute whether—if this court decides to exercise its discretion to reduce defendant's sentence—Brookins is entitled to a limited or plenary resentencing under the First Step Act. As discussed above, a district court's limited authority to modify defendant's

sentence is provided by § 3582(c)(1)(B),[1] which, in pertinent part, provides: "the court may modify an imposed term of imprisonment to the extent otherwise *expressly* permitted by statute...."[2] 18 U.S.C. § 3582(c)(1)(B) (emphasis added). The *express* provisions of the First Step Act provide this court with the authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act...were in effect at the time the covered offense was committed." First Step Act § 404(b). The First Step Act does not *expressly* authorize a district court to conduct a plenary resentencing of the defendant. This court cannot conduct a plenary resentencing under the First Step Act because the First Step Act specifically provides that the sentencing is limited to imposing a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act" were in effect when the defendant committed the offense. First Step Act § 404(b).

Other district courts that have considered this issue under the First Step Act have held that a defendant is not entitled to a plenary sentencing under § 3582(c)(1)(B). See e.g., United States

---

[1] In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States held that a defendant is not entitled to a plenary sentencing under § 3582(c)(2). Section 3582(c)(2) permits a court to modify a final sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582. The analysis in Dillon "[is not] helpful in analyzing the sentence reduction authority Congress has granted the courts through § 404[,]" United States v. Rivas, No. 04-CR-256-PP, 2019 WL 1746392, at *7 (E.D. Wis. Apr. 18, 2019), because Brookins is not requesting a reduced sentence based upon an amendment to the sentencing guidelines; rather, Brookins requests a reduced sentence "to the extent...permitted by statute[,]" 18 U.S.C. § 3582(c)(1)(B), which is governed by § 3582(c)(1)(B). But see United States v. Glover, No. 95-08021-CR, 2019 WL 1562833, at *9 (S.D. Fla. Apr. 11, 2019) (relying upon, among other things, the Eleventh Circuit Court of Appeals' interpretation of § 3582(c)(2) under which a defendant is not entitled to a plenary resentencing to conclude a defendant is not entitled to a plenary resentencing under § 3582(c)(1)(B)).

[2] Brookins argues that he is entitled to a plenary resentencing because the First Step Act instructs courts to "conduct a 'complete review on the merits.'" (ECF No. 150 at 4-5.) Brookins, however, misquotes the First Step Act. The First Step Act provides that "[n]o court shall entertain a motion" filed under the First Step Act if, among other things, the defendant filed a previous motion under the First Step Act, which the court "denied after a complete review **of the motion** on the merits." First Step Act § 404(c) (emphasis added).

8

v. Buggs, No. 1:09-CR-147-2, 2019 WL 3282656, at *6 (W.D. Mich. July 22, 2019) ("Here the Court previously determined, and reaffirms here, that the First Step Act does not provide for a plenary-resentencing."); United States v. Marin-Torres, No. 2:09-CR-262-RSL, 2019 WL 3253261, at *3 (W.D. Wash. July 19, 2019) (explaining that under the First Step Act the court is authorized to only recalculate a defendant's sentence as if the FSA was in effect when the defendant committed the offense of conviction); United States v. Williams, No. CR 3:02-548-03-CMC, 2019 WL 3251520, at *4 (D.S.C. July 19, 2019) ("although Defendant is eligible for consideration of a reduced sentence under the First Step Act, he is not entitled to a full resentencing"); United States v. Rivas, No. 04-CR-256-PP, 2019 WL 1746392, at *8 (E.D. Wis. Apr. 18, 2019) ("The First Step Act does not "expressly permit" the court to conduct a plenary resentencing."); United States v. Shelton, No. CR 3:07-329 (CMC), 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019) ("Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations."); United States v. Glover, Crim. Action No. 95-08021, 2019 WL 1562833, at *10 (S.D. Fla. Apr. 11, 2019); United States v. Perkins, No. CR06-0114-LRR, 2019 WL 1578367, at *3 (N.D. Iowa Apr. 3, 2019) ("a full resentencing is neither required nor called for"); United States v. Russo, No. 8:03CR413, 2019 WL 1277507, at *1 (D. Neb. Mar. 20, 2019) ("Third, the Court cannot conclude that the First Step Act anticipates a full re-sentencing with application of laws and Guidelines that have changed since a defendant's original sentencing, other than the retroactive application of the reduced penalties for crack cocaine set out in the Fair Sentencing Act.");[3] Davis, 2019 WL

---

[3] The court in Russo explained its rationale for why a defendant is not entitled to a full resentencing under the First Step Act as follows: "If the Court were to engage in such a re-sentencing, applying other laws and Guidelines that have been changed since Russo's original sentencing, it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010." United States v. Russo, No. 8:03CR413, 2019 WL 1277507, at *1 (D. Neb. Mar. 20, 2019).

1054554, at *2 ("Nowhere does the Act expressly permit the type of plenary resentencing or sentencing anew that Davis advocates.").

A court must, however, consider the factors set forth in 18 U.S.C. § 3553(a) when reducing a sentence; indeed, nothing in the First Step Act of § 3582(c)(1)(B) nullified the mandate in § 3553(a) that "[t]he court, in determining the particular sentence to be imposed, shall consider" the § 3553(a) factors. 18 U.S.C. § 3553(a); United States v. Lewis, No. CR 08-0057 JB, 2019 WL 1923047, at *24 (D.N.M. Apr. 30, 2019) ("The Court concludes that, although the First Step Act does not require a full resentencing with the defendant present, the First Step Act permits a court to consider the 18 U.S.C. § 3553(a) factors in determining whether a First Step Act-eligible defendant's circumstances warrant a sentence reduction, and to what extent the court should reduce his or her sentence."); United States v. Allen, No. 3:96-CR-00149-RNC-3, 2019 WL 1877072, at *4 (D. Conn. Apr. 26, 2019) ("Any potential disparity can be considered in deciding whether to grant a sentence reduction under the First Step Act."); United States v. Simons, No. 07-CR-00874, 2019 WL 1760840, at *7 (E.D.N.Y. Apr. 22, 2019) (finding reduction of the defendant's sentence was warranted after consideration of the § 3553(a) factors).

Based upon the foregoing, the court will determine whether to exercise its discretion to reduce Brookins' sentence, and, if so, conduct a resentencing limited to consideration of the § 3553(a) factors and as if sections 2 and 3 of the Fair Sentencing Act were effective on the day Brookins committed his offenses of conviction.

**B. The Court's Discretion**

Under the Fair Sentencing Act, the statutory minimum term of imprisonment applicable to count two is reduced from twenty years to ten years. The applicable statutory term of supervised release applicable to Brookins is reduced from a statutorily required term of ten years to a

statutorily required term of <u>eight years</u>. 21 U.S.C. § 841(b)(1)(B)(iii). Brookins requests under the First Step Act a reduction of his term of imprisonment from 240 months to 146 months and a reduction of his term of supervised release from ten years to eight years. (ECF No. 145 ¶ 4.) He argues that if the court grants him the relief he seeks, he would be entitled to immediate release from imprisonment.[4] (Id.) The government agrees that the court should exercise its discretion to reduce Brookins' sentence with respect to count two; it argues that the court should reduce Brookins' term of imprisonment to 210 months[5] and his term of supervised release to eight years.

The court will exercise its discretion and reduce the sentence imposed upon Brookins at count two of the superseding indictment. Brookins' sentence at count two will be reduced to a term of imprisonment of 180 months and a term of supervised release of eight years, to concurrently run with the term of supervised release of three years imposed at count one on April 1, 2010.

This court at the time of sentencing considered all the § 3553(a) factors in imposing Brookins' sentence. The court granted Brookins a significant variance based upon four main factors: (1) the statutory minimum penalty of twenty years and the statutorily mandated term of supervised release of ten years for count two; (2) the sentencing guidelines applicable to Brookins; (3) the disparity in the guidelines between crimes involving powder cocaine and crimes involving crack cocaine; and (4) Brookins' terribly difficult childhood and lack of guidance in his upbringing. In light of the First Step Act, consideration of those factors and Brookins' progress

---

[4] According to Brookins, with respect to his current sentence, his expected date of release from the custody of the Bureau of Prisons is August 3, 2024. (ECF No. 318 ¶ 1.)

[5] At the time of sentencing, the government argued for a term of imprisonment "between 200 to 360 months." (H.T. 4/1/2010 (ECF No. 107) at 19.) As discussed above, the First Step Act reduced the statutory minimum term of imprisonment at count two from twenty years to ten years. The term of imprisonment of 210 months sought by the government under the First Step Act, however, exceeds the low end of the range it proposed at the time of Brookins' sentencing.

11

while incarcerated warrants a reduction in Brookins' term of imprisonment and term of supervised release.

Under 21 U.S.C. § 841(b)(1)(B)(iii), Brookins with respect to count two is now subject to a statutory minimum penalty of ten years (as opposed to the pre-First Step Act statutory minimum penalty of twenty years) and a term of supervised release of eight years (as opposed to the pre-First Step Act statutorily mandated term of ten years).

As the government argues, Brookins' guideline calculation remains unchanged. (ECF No. 149 at 8.) Brookins is a career offender and his base offense level is driven by the statutory maximum term of imprisonment for count two, which is life and was not altered by the First Step Act. Thus, Brookins' base offense level remains 37, pursuant to U.S.S.G. § 4B1.1(b)(1). Likewise, his criminal history category remains a VI. According to Chapter 5, Part A of the guidelines, a base offense level of 37 and criminal history category of VI provides for a range of imprisonment of 360 months to life. Under the First Step Act, the guideline for supervised release for count two was reduced from ten years to eight years.

Even after the enactment of the First Step Act, there exists a disparity in the governing statutes and sentencing guidelines for crimes involving powder cocaine and crimes involving crack cocaine. If Brookins' crime involved *powder cocaine*, he would be subject to the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(C), which does not provide for a mandatory minimum sentence. Brookins under § 841(b)(1)(C) would be subject to a statutory *maximum* term of imprisonment of thirty years and a term of supervised release of six years. Brookins' offense level under the guidelines for the powder cocaine offense would be 34, pursuant to U.S.S.G. § 4B1.1(b), and his criminal history category would remain VI. The applicable guideline range for

imprisonment would, therefore, be 262 months to 327 months[6] (as opposed to 360 months to life). Brookins' term of supervised release under the guidelines if count two was a powder cocaine offense would be six years (as opposed to eight years).

As the court explained at the time of sentencing, Brookins' life has been tragic and sad. (H.T. 4/1/2010 (ECF No. 107 at 30.) His mother suffered from drug addiction and his father had a criminal record and was incarcerated during Brookins' childhood. (PIR ¶ 39.) Brookins was in and out of the foster care system as a child because of his mother's drug use and parents' absenteeism. (Id.) Brookins when he was twelve years old began to sell drugs in order to provide money to his family for survival. (Id.) Brookins has an extensive criminal history, which is reflected by his career criminal offender status. (Id. ¶¶ 27-30.) Brookins was twenty-eight years old at the time of his original sentencing and is now thirty-seven years old. (PIR at 2.) His criminal convictions that formed the basis of his career criminal offender status occurred when he was 18 to 20 years old. (Id. ¶¶ 27-30.)

The present record before the court demonstrates that Brookins while incarcerated worked to better himself. (ECF No. 145-1.) Brookins attached to his motion for reduction fourteen certificates obtained while incarcerated. (Id.) Notably, Brookins obtained a certificate of completion for a basic drug education course, received tutor and teacher aide training, and served as a tutor to fellow inmates seeking to obtain their General Education Diplomas. (Id. at 1-7.)

Based upon the foregoing, the court believes a term of imprisonment of 180 months and a term of supervised release of eight years is the appropriate sentence in this case. The 214-month

---

[6] As the government argues, the court at the time of sentencing incorrectly stated the guideline range attributable to Brookins if he committed a powder cocaine offense would be 210 months to 262 months. (H.T. 4/1/2010 (ECF No. 107) at 30.) The court found relevant that the statutory mandatory minimum term of imprisonment of 240 months fell in the middle of that guideline range. (Id.) The government did not raise that objection at the time of sentencing.

variance sought by Brookins is not warranted in light of Brookins' career criminal offender status and the serious nature of his crime. On the other hand, Brookins is entitled to a more significant variance than suggested by the government (150 months) because of the disparities that exist in the applicable statutes and guidelines, his tragic childhood, and his achievements and productive use of time during the approximately eleven years he has been incarcerated. Under those circumstances, Brookins' term of imprisonment at count two will be reduced to 180 months, which shall concurrently be served to any outstanding term of imprisonment at count one. His term of supervised release will be reduced to the new statutory minimum term of supervised release of eight years, which shall concurrently run to the term of supervised release imposed at count one. This sentence will address the goals of punishment, rehabilitation, and deterrence.

An appropriate order will be entered.

### C. Defendant's Appearance at a Hearing

Federal Rule of Criminal Procedure 43(b)(4) provides:

> **(b) When Not Required**. A defendant need not be present under any of the following circumstances:
> …
> **(4) Sentence Correction.** The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).

FED. R. CRIM P. 43(b)(4). The Advisory Committee's notes to Rule 43 provide:

> The second issue addressed by the amendment is the applicability of Rule 43 to resentencing hearings conducted under 18 U.S.C. § 3582(c). Under that provision, a resentencing may be conducted as a result of retroactive changes to the Sentencing Guidelines by the United States Sentencing Commission or as a result of a motion by the Bureau of Prisons to reduce a sentence based on "extraordinary and compelling reasons." The amendment provides that a defendant's presence is not required at such proceedings. In the Committee's view, those proceedings are analogous to Rule 35(b) as it read before the Sentencing Reform Act of 1984, where the defendant's presence was not required. Further, the court may only reduce the original sentence under these proceedings.

FED. R. CRIM. P. 43, Adv. Committee n.

14

The First Step Act proceeding in this case is a proceeding involving the reduction of defendant's sentence under § 3582(c)(1)(B). A plain reading of Rule 43(b)(4) provides that Brookins' appearance is not required for the court to reduce his sentence under § 3582(c)(1)(B). The court is not constrained to follow the Advisory Committee's note set forth above that suggests Rule 43(b)(4) applies only to proceedings under § 3582(c)(2). The court in United States v. Downin, 884 F.Supp. 1474 (E.D. Cal. 1995), explained:

> The Supreme Court teaches that advisory committee notes are "of weight" in the construction of the federal rules, but are not determinative. Torres v. Oakland Scavenger Co., 487 U.S. 312, 316, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988). Accordingly, they should be relied upon only where there is an ambiguity in the text of the rule which necessitates resort to extrinsic aids. See Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 n. 9 (9th Cir.1986) (advisory committee notes guide interpretation of ambiguous rules); see also Tello v. McMahon, 677 F.Supp. 1436, 1441 (E.D.Cal.1988) (principles of statutory construction generally). Although it has been said that the advisory committee notes more accurately reflect actual congressional intent and are thus entitled to greater weight than other forms of legislative history, see United States v. Anderson, 942 F.2d 606, 611 (9th Cir.1991), they remain extrinsic sources. Where the language of a rule is unambiguous, it is conclusive, and resort to such extrinsic sources is unnecessary since construction is unnecessary. See Tello, 677 F.Supp. at 1441.

United States v. Downin, 884 F. Supp. 1474, 1479 (E.D. Cal. 1995). The plain language of Rule 43, which refers to the entirety of 18 U.S.C. § 3582(c), therefore, controls in this case. The court is not required to hold a hearing at which Brookins is present to reduce his sentence.

VI. **Conclusion**

Brookins is entitled to seek relief under the First Step Act. The court will exercise its discretion to reduce his term of imprisonment to 180 months and his term of supervised release to eight years. The motion for reduction of sentence (ECF No. 145) will, therefore, be granted.

BY THE COURT,

Dated: July 31, 2019      /s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge